IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG MARK DRAPER,<br><br>Defendant. | CR 21–20–M–DWM<br><br>ORDER |

Defendant Craig Mark Draper appeared for sentencing April 19, 2022. Prior to sentencing, the Court provided notice that it was contemplating imposing an upward variance, (Doc. 44), and that it was contemplating withholding application of the acceptance of responsibility reduction, (Doc. 45). Following the second notice, Draper filed a statement of acceptance of responsibility and withdrew his objection to the restitution amount. (Doc. 46.) That statement of "acceptance" was nearly identical to the admission Draper made at the December 2021 change of plea hearing; in essence, both statements were acceptance of responsibility in name only. Accordingly, the three-level reduction for acceptance of responsibility is not applied to Draper's Guideline calculation.

As a threshold matter, the plea agreement in this case states:

The United States will recommend the defendant's offense level be

1

> decreased by two levels of acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. . . . The defendant understands the Court is not bound by this recommendation.

(Doc. 26 at ¶ 6.) By the plain language of the plea agreement, which Draper indicated he understood, the application of the acceptance of responsibility reduction was not inevitable. In this respect, the plea agreement and the non-application of the reduction is consistent with the Ninth Circuit's decision in *United States v. Green*, 940 F.3d 1038 (9th Cir. 2019).

In *Green*, the Ninth Circuit explained "that a guilty plea supported by truthful admissions by the defendant creates a presumption that the defendant will receive the acceptance-of-responsibility reduction[.]" *Id.* at 1042. However, the Ninth Circuit further explained that "this presumption can be negated by other evidence that suggests the defendant has not in fact accepted responsibility for his actions. [USSG] §3E1.1 cmt. n.3. Such inconsistent conduct can include, for example, 'falsely den[ying], or frivolously contest[ing], relevant conduct that the court determines to be true. [USSG] §3E1.1 cmt. n.1(A).'" *Id.* at 1042–43.

In this case, there is a threshold question of whether the presumption applies in the first place given *Green's* emphasis on *truthful* admissions. The Court's exchange with Draper at the change of plea indicated that his admissions were not

2

completely truthful; the Court pressed Draper after his initial statement of responsibility indicated that he merely "got behind" in his work and did not admit to any scheme or intention to defraud. Only after the Court summarized the substance of the pleadings—including that the defendant used money from clients to rent a racetrack and purchase trophies associated with the racetrack—did the defendant admit that it was his own fault when his finances became "short." Thus, there is a legitimate argument that the presumption for the application of the acceptance of responsibility reduction was not triggered here because Draper's admissions did not completely take responsibility for the charge to which he pleaded guilty, and he hedged and qualified his admissions by indicating that his financial discrepancies resulted from dishonest workers and his wife's medical bills rather than from his own intention to use his client's funds for personal use. This same blame-shifting and qualification pervades his eleventh-hour "acceptance of responsibility" statement. (Doc. 47.)

Nevertheless, even if the presumption is triggered as to the application of the acceptance of responsibility, Draper's conduct rebuts that presumption. First, Draper initially disputed that he owed restitution for all but nine victims. PSR adden. 2. However, after the Court indicated it was contemplating withholding the application of the acceptance of responsibility reduction, Draper filed a notice that he was withdrawing his objection to the restitution amount. (Doc. 47.) The

3

mountainous documentation related to restitution in this case casts serious doubt as to the legitimacy of Draper's initial objection related to restitution, and the timing of the withdrawal of that objection only highlights the frivolity of contesting the restitution he owed to at least sixteen other victims.

Next, Draper was not forthright and honest during his PSR interview. For example, Draper disclosed that a particular victim in this case had filed a civil suit against him. *See* PSR ¶ 120. However, the Probation Office discovered ten other civil suits that were filed against Draper for conduct mirroring the conduct underlying this case. *Id.* Draper did not disclose those other civil suits, nor did he disclose all the occasions on which he has filed for bankruptcy. *Id.* ¶ 119. While Draper disclosed one prior bankruptcy, the PSR investigation revealed that he had filed for bankruptcy a total of four times. *Id.*

Moreover, Draper's subterfuge and obfuscation made it nearly impossible to determine the current state of his finances. *See, e.g.*, PSR ¶¶ 110, 112, 117. All of Draper's purported income was derived from checks made out to "cash," but he denied having a bank account or having cash on-hand. PSR ¶ 110. Additionally, the discrepancy between his reported gross income and his verified income from a previous employer was more than $100,000 for 2019 to 2020. *Id.* ¶ 112. And, Draper's 2019 and 2020 tax returns appear to have been doctored to the extent that pages appear to be renumbered, which suggests that some pages of the tax forms

are missing. *Id.* ¶ 117.

Accordingly,

IT IS ORDERED that the government's recommendation for acceptance of responsibility made at the April 19, 2022 sentencing hearing is DENIED.

DATED this 19th day of April, 2022.

Donald W. Molloy, District Judge
United States District Court